## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                             **4:16-CR-00040-01-JM**

**ALEX DEJUAN PARKER**

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 43) is DENIED.

### I.   BACKGROUND

On May 17, 2016, Defendant pled guilty to one count of possession with intent to distribute cocaine.[1] On June 21, 2017, he was sentenced to 180 months in prison.[2]

### II.   DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 15, 16.

[2] Doc. Nos. 38, 39.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has neither asserted nor provided evidence that he has exhausted his administrative remedies. Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of his request, Defendant asserts that his father died from COVID-19 and his mother has contracted the virus. First, the health conditions of Defendant's parents are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] A parent suffering from an illness is not listed. Second, Defendant is 34 years old and has served less than 30% of his sentence which means he does not meet the age or minimum served time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 17, Defendant has eleven criminal convictions, most of which are drug-related convictions, the same behavior as the instant offense. In fact, he committed the instant offense while on supervision for a previous conviction.

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

The severity of the instant offense must also be considered.  In 2015, officers went to an apartment to serve Defendant with an outstanding warrant.  The strong marijuana odor was emitting from the apartment.  Once inside officers found paraphernalia related to making crack cocaine, two digital scales, crack cocaine, marijuana, and a sack containing small baggies of crack, methamphetamine, cocaine, and hydrocodone pills.  Ultimately, Defendant was held responsible for 337 kilograms of marijuana equivalent.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 43) is DENIED.

IT IS SO ORDERED, this 3rd day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE